USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lisa Santiago,

               Plaintiff,

     –v–

Intercontinental Hotels Group Resources, Inc., et al.,

               Defendant.

20-cv-9721 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. Courts have an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

    Defendants removed this action from New York Supreme Court, invoking the Court's subject matter jurisdiction by reason of diversity of citizenship. The Notice of Removal alleges that Plaintiff is a citizen of the state of New York. Dkt. No. 1 ¶ 5. It further alleges that Defendants Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels Corporation, and Six Continents Hotels, Inc. "are all Delaware corporations and are thereby domiciliaries of the State of Delaware." *Id.* ¶ 6.

    "For jurisdictional purposes, a corporation is deemed to be a citizen both of the state in which it has been incorporated and the state in which it has its principal place of business." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998).

    Within ten days of the date of this Order, Defendants shall amend their Notice of Removal to fully allege the citizenship of the Defendant entities, including the state of

incorporation and principal place of business.  If, by the foregoing date, Defendants are unable to amend to truthfully allege complete diversity of citizenship, then the case will be dismissed for lack of subject matter jurisdiction without further notice to any party.

Dated: November 20, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge